PETITION OF AMY THAYER for a writ of Habeas Corpus.

An execution for costs against a plaintiff in trover issued against the body, and was served by arrest.

*Held*, on petition for habeas corpus, that, as it did not appear that the imprisoned plaintiff was about departing from the state without leaving sufficient estate to satisfy the judgment, or that he had fraudulently concealed and detained or disposed of his property, the execution against the body was illegal.

A judgment for the defendant for his costs is to be treated, whatever be the form of the action, as judgment for a debt.

The word, "defendant," in Gen. Stat. R. I. cap. 211, § 14, means defendant in execution.

*July* 9, 1875. MATTESON, J. The petitioner seeks to be discharged from imprisonment on an execution for costs awarded against her in an action of trover, in which she was plaintiff and Mary M. Thayer was defendant.

The only authority for issuing an execution against the body is found in section 14 of chapter 211 of the General Statutes. It was the evident intent of the General Assembly that no person should be imprisoned on execution unless he was guilty of a penal offence, or a tort other than a trespass in which title to the close was in dispute, or unless he came within the classes of debtors specified, viz.: those against whom the cause of action accrued before the 31st of March, 1870; those held to bail upon the original writ, or writ of mesne process in the suit; those about to depart from the state without leaving therein sufficient real or personal estate to satisfy the judgment; those guilty of fraud in contracting the debt for the recovery of which the judgment was rendered, or in the concealment, detention, or disposition of their property. It will be perceived, by reference to the section mentioned, that no provision in terms is made for an execution against the body of a plaintiff, but only for an execution against the body of a defendant. The respondent's counsel suggests that the word "defendant" should be construed to mean the defendant in execution, and not merely the defendant in the suit, and, therefore, to include a plaintiff against whom a judgment has been obtained by a defendant. We think the section susceptible of this construction, and are led to adopt it, because there is no other authority for an execution against the body of a plaintiff; and we cannot suppose that the General Assembly did not intend to give to a defendant, who has recovered judgment for costs, or for a balance due him upon a plea in set-off against a plaintiff, the same process to compel the payment of his costs or debt which the plaintiff, if successful, would have had against the defendant.

No reason occurs to us why a plaintiff, whatever be the nature of the action, against whom judgment has been rendered for costs, should be dealt with differently than if the judgment were for a debt. He is not the offender or wrong-doer whose offence or tort is the subject of the suit. If he does not prevail, he incurs no liability which can be enforced against him in the suit, except to pay the defendant's costs. These are awarded to the defendant to indemnify him for the expenses of his defence, so far as sufficient, rather than to punish the plaintiff. If the plaintiff has proceeded wrongfully, the defendant must seek redress

as plaintiff in another action. In *Thompson* v. *Berry*, 5 R. I. 95, it was held that a plaintiff in an action of trespass and eject-ment, against whom judgment had been rendered for costs, and who was liable to be committed on execution, was entitled to the benefit of the poor *debtor's* oath. Judge Brayton, in the opinion of the court, remarks: "There is in principle no ground of dis-tinction between a judgment for costs and for a preëxisting debt or damages. It is equally a judgment for money which it re-quires the same means to pay."

The judgment against the petitioner was rendered on the 9th of February, 1875. It did not appear that she was about to de-part from the state, without leaving sufficient real or personal estate to satisfy the judgment, or that she had fraudulently con-cealed, detained, or disposed of her property. Unless one or more of these appeared, the court had no authority to issue exe-cution against her body. We therefore grant the prayer of the petition, and order that she be discharged.   *Petition granted.*